UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| RUTH A. WALKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:17-cv-396 |
| | ) | |
| ANDREW M. SAUL, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the court on the Unopposed Motion for Approval of Attorneys Fees Pursuant to 42 U.S.C.A. Section 406(b) [DE 29] filed by Barry A. Schultz, counsel for the plaintiff, Ruth A. Walker, on May 19, 2020. For the following reasons, the motion is **GRANTED.**

*Background*

The plaintiff, Ruth A. Walker, filed an application for Disability Insurance Benefits on January 10, 2014. Her claim for benefits was denied. Walker appealed to an administrative law judge (ALJ), who likewise denied her claim on December 27, 2016. On October 17, 2017, Walker initiated this action for judicial review of the denial of her application for benefits. This court entered an order remanding this matter to the Agency for further proceedings on July 16, 2018. Accordingly, this court has jurisdiction over this fee petition pursuant to 42 U.S.C. § 406(b).

On October 3, 2018, Walker filed an agreed motion to award of attorney fees under the Equal Access to Justice Act (EAJA). On October 5, 2018, the court granted the motion and

awarded Walker $6,500.00 for attorney fees in full satisfaction of all claims under the EAJA, 28 U.S.C. § 2412.

Thereafter, Walker prevailed on remand when the ALJ approved her claim for disability insurance benefits. The Social Security Administration issued a Notice of Award letter dated April 18, 2020, awarding Walker past-due benefits in the amount of $101,826.00, 25% of which is $25,456.50. Walker has agreed to pay Attorney Schultz 25% of all past-due benefits awarded to her and any beneficiaries by the Administration.

Attorney Schultz asks the court to authorize an award of attorney fees in the amount of $25,456.50 pursuant to 42 U.S.C. § 406(b). Attorney Schultz represents that the Commissioner indicated that he has no objection to this motion.

*Discussion*

The Social Security Act allows for a reasonable fee to be awarded both for representation at the administrative level, *see* **42 U.S.C. § 406(a)**, as well as representation before the court, *see* **42 U.S.C. § 406(b)**. *See* **Culbertson v. Berryhill,** 139 S. Ct. 517, 520 (2019) (quoting **Gisbrecht v. Barnhart,** 535 U.S. 789, 794 (2002)). Under § 406(b), the court may award a reasonable fee to the attorney who has successfully represented the claimant in federal court, not to exceed twenty-five percent of the past-due benefits to which the social security claimant is entitled. **42 U.S.C. § 406(b)(1)(A)**; *Gisbrecht,* 535 U.S. at 792. "The reasonableness analysis considers the 'character of the representation and the results achieved.'" *Gisbrecht,* 535 U.S. at 808. The award may be reduced because of an attorney's unjustifiable delay or if the past-due benefits are large in comparison to the amount of time an attorney has spent on a case. *Gisbrecht,* 535 U.S. at 808. Counsel cannot recover fees under both the EAJA and § 406(b), though, so they must

either refund the EAJA award or subtract that amount from the § 406(b) request.  *See Gisbrecht,* 535 U.S. at 796 (explaining that "an EAJA award offsets an award under Section 406(b)").

Attorney Schultz requests $25,456.50 in attorney fees, which is 25% of Walker's past-due benefits.  He has indicated that the requested fee award is reasonable for the 35.1 hours spent representing Walker in federal court.  Attorney Schultz's total requested fee would amount to an hourly rate of about $725.00.  This calculated rate calls into question the bounds of reasonableness in this district.  *See Taylor v. Berryhill,* 2018 WL 4932042, at *2 (S.D. Ind. Oct. 10, 2018) (collecting cases) ("Within the Seventh Circuit, fee awards equivalent to hourly rates ranging from $400 to $600 are consistently found to be reasonable.").

Attorney Schultz asserts that the requested fee is reasonable because a claimant filing a claim for disability benefits in Federal District Court for judicial review has a 34.95% chance of receiving a grant of benefits for the claimant.  *See Martinez v. Astrue*, 630 F.3d 693, 695 (7th Cir. 2011).  Moreover, he has indicated that the benefit to Walker was great, who obtained more than $100,000.00 in past-due benefits.

The requested fee is within the bounds of the contingency-fee agreement between Walker and Attorney Schultz, and although the hourly rate may be outside the typical range, the amount is still consistent with previous fees awarded by courts within the Seventh Circuit.  *See Rasmussen v. Colvin*, 2013 WL 4537316 (N.D. Ill. 2013, awarding $998.93 per hour); *Henriksen v. Colvin*, 2014 WL 656661 (N.D. Ill. 2014, awarding $929.83 per hour); *Anderson v. Astrue*, 2011 WL 379042 (N.D. Ill. 2011, awarding $982.91 per hour); *Tidwell v. Berryhill,* 2018 WL 3154619 (N.D. Ind. 2018, awarding $1,245.74 per hour).  Furthermore, there is no indication of ineffectiveness of counsel or minimal effort expensed in this case.  Accordingly, the court finds the requested fee reasonable.

3

Based on the foregoing reasons, the court hereby **GRANTS** the Unopposed Motion for Approval of Attorneys Fees Pursuant to 42 U.S.C.A. Section 406(b) [DE 29] and **AWARDS** Attorney Barry A. Schultz a total of $25,456.50 in attorney fees pursuant to § 406(b)(1) of the Social Security Act.  The court **ORDERS** Attorney Schultz to refund the plaintiff, Ruth A. Walker, the amount of the previously awarded EAJA fees, $6,500.00, upon receipt of the § 406(b) fees awarded by the court.

ENTERED this 27th day of May, 2020.

/s/ Andrew P. Rodovich
United States Magistrate Judge